## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. WATSON,<br>#01582187 | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:22-cv-321-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher M. Watson, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus challenging his 2009 Smith County conviction. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On May 15, 2025, Judge Mitchell issued a Report and Recommendation recommending that Petitioner's habeas petition be denied as time-barred and that the case be dismissed with prejudice. Docket No. 23. Judge Mitchell also recommended that a certificate of appealability be denied. Petitioner timely objected. Docket No. 24.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the

Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner maintains that his mental illness and incompetency "stymied" him from filing a timely habeas petition. Docket No. 24 at 2. He states that the docket shows his extensive mental health issues and that he is receiving assistance from a "jailhouse lawyer" because he cannot read. *Id.*

Although mental incompetency may toll the statute of limitations, it does not do so as a matter of right. *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). Further, the petitioner must make a threshold showing of incompetence and demonstrate that such incompetence affected his ability to file a timely petition. *See id.*; *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Here, Petitioner has not shown that he is incompetent or that his alleged mental health issues caused him to file a late petition. Petition assertions of mental health issues, without more, is not sufficient. *Smith*, 301 F. App'x at 377 (rejecting a petitioner's mere assertion, "without specifics: because of alleged mental illness, he could not pursue federal habeas relief within AEDPA's limitations period").

Moreover, even though Petitioner states that he is unable to read or comprehend and requires assistance from a "jailhouse lawyer," the Court notes that illiteracy, ignorance of the law, and lack of legal representation do not justify

equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *see also Espinoza v. Director*, *TDCJ-CID*, 2025 WL 746550, at *4 (N.D. Tex. Feb. 3, 2025) ("A limited education and the inability to speak or read the English language are disabilities common to many incarcerated persons and, as such, do not justify equitable tolling.").

Ultimately, Petitioner waited years after his conviction became final in 2011 before challenging his conviction in state court, and when that effort was rejected, waited another several years before filing this 2022 federal petition. Such a timeline does not demonstrate due diligence. *See Smith*, 301 F. App'x at 377 (explaining that even if a petitioner shows rare and exceptional circumstances, "equitable tolling will not be applied where the applicant failed to diligently pursue relief" (citations omitted)). His objections are overruled.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 24) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 23) as the opinion of the Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **12th** day of **June, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3